Gregory D. Miller
Gene Y. Kang
**RIVKIN RADLER LLP**
21 Main Street, Suite 158
Court Plaza South – West Wing
Hackensack, NJ 07601
Telephone:  201-287-2460
Facsimile:  201-489-0495

Stephen P. Benson (to be admitted *pro hac vice*)
Kimberly A. Beis (to be admitted *pro hac vice*)
**KATTEN MUCHIN ROSENMAN LLP**
525 West Monroe Street
Chicago, IL 60661-3693
Telephone:  321-902-5200
Facsimile:  312-902-1061

*Attorneys for Plaintiff*
*Sun Pharmaceutical Industries Limited*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

_____

| | | |
|---|---|---|
| SUN PHARMACEUTICAL INDUSTRIES LIMITED, | ) ) ) | |
| Plaintiff, | ) ) ) | Civil Action No. _____ |
| v. | ) ) | |
| PFIZER, INC., PF PRISM C.V. and WARNER-LAMBERT COMPANY, LLC, | ) ) ) | |
| Defendants. | ) ) ) | |

_____

### PLAINTIFF SUN PHARMACEUTICAL INDUSTRIES LIMITED'S
### COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Sun Pharmaceutical Industries Limited ("Sun"), by and through its counsel,

respectfully submits this Complaint for Declaratory Judgment against Defendants Pfizer, Inc., PF

Prism C.V. (collectively, "Pfizer") and Warner-Lambert Company, LLC ("Warner-Lambert") (collectively, "Defendants"). In support thereof, Sun alleges as follows:

## NATURE OF THE ACTION

1. This action is based on the patent laws of the United States, Title 35 of the United States Code.

2. Sun brings claims for declaratory relief that Defendants' U.S. Patent Nos. 8,945,620 ("the '620 patent"), 9,144,559 ("the '559 patent") and 10,022,447 ("the '447 patent") are invalid, unenforceable and/or are not infringed by Sun thereby allowing the U.S. Food and Drug Administration ("FDA") to approve Sun's application to market its generic version of pregabalin extended-release tablets that is bioequivalent to Pfizer's drug LYRICA® CR.

## THE PARTIES

3. Plaintiff Sun is a corporation organized and existing under the laws of India, with its principal place of business in Mumbai, India.

4. On information and belief, Defendant Pfizer, Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in New York, New York.

5. On information and belief, Defendant PF Prism C.V. is a limited partnership organized under the laws of the Netherlands, having its registered seat in Rotterdam, the Netherlands, and registered at the Trade Register held by the Chamber of Commerce in Rotterdam, the Netherlands, under number 51840456. On information and belief, PF Prism C.V. is a subsidiary of Pfizer, Inc.

6.     On information and belief, Defendant Warner-Lambert is a corporation organized and existing under the laws of the state of Delaware and has its principal place of business in New York, New York.  On information and belief, Warner-Lambert is a subsidiary of Pfizer, Inc.

7.     PF Prism C.V. is the holder of NDA 209501 and Pfizer sells LYRICA® CR extended-release tablets in this judicial district and throughout the United States.

## JURISDICTION AND VENUE

8.     This is a civil action regarding allegations of patent infringement arising under the patent laws of the United States, Title 35 of the United States Code, in which Sun also seeks declaratory relief under the Declaratory Judgment Act.  Thus, the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338, 2201 and 2202.

9.     An actual controversy exists for declaratory judgment between Sun and Defendants by virtue of Defendants' listing of the '620, '559 and '447 patents in the Orange Book for LYRICA® CR® extended-release tablets, Sun's filing of ANDA No. 211889 (the "Sun ANDA") with FDA under § 505(j) of the Federal Food, Drug and Cosmetic Act, 21 U.S.C. § 355(j) for a generic version of extended-release tablets bioequivalent to Defendants' drug LYRICA® CR extended-release tablets.

10.     Sun contends that it has a right to engage in making, using, offering to sell, and selling its products described in the Sun ANDA without license from Defendants.

11.     This Court has personal jurisdiction over Defendants because Defendants conduct substantial business in, and have regular and systematic contact with, the state of New Jersey, including this District.

12.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Defendants are subject to personal jurisdiction in this District.

3

## REGULATORY BACKGROUND

13. In 1984, Congress passed the Drug Price Competition and Patent Term Restoration Act, commonly referred to as the Hatch-Waxman Act. *See* 21 U.S.C. § 355 and 35 U.S.C. §§ 156 and 271(e). The Hatch-Waxman Act was intended to encourage generic-drug competition while leaving intact incentives for research and development of new drugs by "branded" drug companies. *See* H.R. Rep No. 98-857, pt. 1 at 14-15 (1984). The Hatch-Waxman Act was designed to stem the rising cost of prescription drugs by bringing less expensive generic drugs to market faster.

14. Pursuant to the Hatch-Waxman Act, a brand-name drug sponsor seeking FDA approval of a new drug must submit a New Drug Application ("NDA"). *See* 21 U.S.C. § 355. The NDA must include specific data concerning the safety and effectiveness of the drug, as well as identification of every patent that claims the "drug or method of using the drug."

15. The Hatch-Waxman Act simplified the regulatory hurdles for prospective generic manufacturers by eliminating the need to file a lengthy and costly NDA in order to obtain FDA approval to sell a generic equivalent of a marketed drug. Instead, FDA provides an expedited review process by which generic manufacturers may file an Abbreviated New Drug Application ("ANDA").

16. The ANDA relies on the scientific findings of safety and effectiveness included by the brand-name drug manufacturer in the original NDA. The ANDA filer must demonstrate to FDA the proposed generic product is bioequivalent to the reference listed drug ("RLD").

17. When FDA approves a brand-name manufacturer's NDA, FDA publishes in the "Orange Book" any patents the brand-name manufacturer alleges can be reasonably asserted against a generic equivalent. 21 U.S.C. § 355(j)(7)(A)(iii). The listing of patents in the Orange

4

Book by FDA is a ministerial act. FDA does not check the facts supplied to it by the brand-name manufacturer.

18.     After NDA approval by FDA, the NDA holder may list additional new patents in the Orange Book as being related to the drug the subject of the NDA. The brand manufacturer must certify that the new patents claim either the approved drug or approved methods of the using the drug.

19.     To obtain FDA approval of an ANDA (and thus the right to sell a generic version of a branded drug without receiving a license from the NDA holder), the ANDA must contain one of four certifications for each patent listed in the Orange Book for the RLD:  (i) there are no patents listed in the Orange Book; (ii) any listed patent has expired; (iii) the patent will have expired before the generic manufacture is seeking to market its generic product; or (iv) the patent is invalid, unenforceable or will not be infringed by the manufacture, use or sale of the generic drug for which the ANDA is submitted.  21 U.S.C. § 355(j)(2)(A)(vii)(I-IV).  The last of these is commonly referred to as a paragraph IV certification.

20.     An ANDA applicant who files a paragraph IV certification must notify both the patent holder and NDA holder of its paragraph IV certification. *See* 21 U.S.C. § 355(J)(2)(B)(i).

21.     An ANDA applicant may bring a declaratory judgment action for invalidity and/or non-infringement of an Orange Book-listed patent if the NDA holder does not sue the ANDA holder within 45 days of receiving notice of the ANDA holder's paragraph IV certification.  21 U.S.C. § 355(J)(5)(C).

**SPECIFIC FACTUAL ALLEGATIONS**

22.     The '620 patent, entitled "Solid Pharmaceutical Compositions Containing Pregabalin," was issued on February 3, 2015.  As per the face of the patent, the inventors of the

5

subject matter claimed in the '620 patent are Howard N. Brockbrader, Yun Hyung Cho, Steven Diaz Santiago, Majid Mahjour, Thomas Daniel Reynolds, Pushpa Ganapathi Shao, Zezhi Jesse Shao and Jiansheng Wan, and Warner-Lambert is the purported assignee of record. A true and correct copy of the '620 patent is attached hereto as Exhibit A.

23.    The '620 patent purports to claim a solid composition containing pregabalin.

24.    The '559 patent, entitled "Solid Pharmaceutical Compositions Containing Pregabalin," was issued on September 29, 2015. As per the face of the patent, the inventors of the subject matter claimed in the '559 patent are Howard N. Brockbrader, Yun Hyung Cho, Steven Diaz Santiago, Majid Mahjour, Thomas Daniel Reynolds, Pushpa Ganapathi Shao, Zezhi Jesse Shao and Jiansheng Wan, and Warner-Lambert is the purported assignee of record. A true and correct copy of the '559 patent is attached hereto as Exhibit B.

25.    The '559 patent purports to claim a solid composition containing pregabalin.

26.    The '447 patent, entitled "Solid Pharmaceutical Compositions Containing Pregabalin," was issued on July 17, 2018. As per the face of the patent, the inventors of the subject matter claimed in the '559 patent are Howard N. Brockbrader, Yun Hyung Cho, Steven Diaz Santiago, Majid Mahjour, Thomas Daniel Reynolds, Pushpa Ganapathi Shao, Zezhi Jesse Shao and Jiansheng Wan, and Warner-Lambert is the purported assignee of record. A true and correct copy of the '447 patent is attached hereto as Exhibit C.

27.    The '447 patent purports to claim a solid composition containing pregabalin.

28.    Pfizer markets and sells pregabalin extended-release tablets under the brand name LYRICA® CR.

29.    Pfizer submitted an NDA to FDA for LYRICA® CR extended-release tablets for the management of neuropathic pain associated with diabetic peripheral neuropathy,

6

management of postherpetic neuralgia and management of fibromyalgia.[1]  Upon information and belief, NDA No. 209501 was approved by FDA on or about March 30, 2015, for LYRICA® CR extended-release tablets in strengths of 82.5mg, 165mg and 330mg.

30.     The '620, '559 and '447 patents are listed in FDA's Approved Drug Products with Therapeutic Equivalence Evaluations (commonly known as the "Orange Book") as covering LYRICA® CR extended-release tablets.

31.     On March 31, 2018, Sun Pharmaceutical Industries, Inc., on behalf of Sun, filed the Sun ANDA with FDA under § 505(j) of the Federal Food, Drug and Cosmetic Act, 21 U.S.C. § 355(j).

32.     Sun submitted the Sun ANDA with FDA seeking approval to manufacture and sell generic versions of pregabalin extended-release tablets that are bioequivalent to Pfizer's drug LYRICA® CR.

33.     Pfizer caused five patents to be listed in FDA's Orange Book as covering LYRICA® CR extended-release tablets:  U.S. Patent No. 6,197,819 ("the '819 patent"), U.S. Reissued Patent No. RE41,920, the '620 patent, the '559 patent and the '447 patent.  As a result, under the Hatch-Waxman Act, Sun was required to submit patent certifications to the '819 patent, RE41,920, the '620 patent, the '559 patent and the '447 patent.

34.     The Sun ANDA contains a paragraph III certification to the '819 patent and RE41,920 certifying Sun will wait until the expiration of the '819 patent and RE41,920 to begin marketing the Sun ANDA products.  The pediatric exclusivity for the '819 patent and RE41,920 expires on June 30, 2019.  The Sun ANDA also contains a paragraph IV certification that the

---

[1] PF Prism C.V. is listed as the owner of Pfizer's NDA.

7

Sun ANDA products will not infringe the '620 patent, the '559 patent or the '447 patent and/or the '620 patent, the '559 patent and the '447 patent are invalid or unenforceable.

35. Pursuant to Sun's paragraph IV certification, Sun seeks approval to engage in the commercial manufacture, use or sale of generic pregabalin extended-release tablets in strengths of 82.5mg, 165mg and 330mg prior to the expiration of the '620 patent, the '559 patent and the '447 patent.

36. On June 11, 2018, Sun notified Pfizer and Warner-Lambert of the paragraph IV certification for the '620 patent and the '559 patent, including the preliminary legal and factual basis for its position of non-infringement and invalidity and provided an Offer of Confidential Access to the Sun ANDA.

37. Neither Defendant requested access to the Sun ANDA under the terms of a negotiated Offer of Confidential Access and neither Defendant sued Sun for patent infringement within 45 days of receiving notice of Sun's paragraph IV certification.

38. On September 17, 2018, Sun notified Pfizer and Warner-Lambert of the paragraph IV certification for the '447 patent, including the preliminary legal and factual basis for its position of non-infringement and invalidity and provided an Offer of Confidential Access to the Sun ANDA.

39. Neither Defendant requested access to Sun's ANDA under the terms of a negotiated Offer of Confidential Access and neither Defendant sued Sun for patent infringement within 45 days of receiving notice of Sun's paragraph IV certification.

40. As Defendants have not sued Sun for patent infringement, Sun filed this declaratory judgment action seeking a declaration that the Sun ANDA products will not infringe

the '620, '559 or '447 patents in order to enable Sun to bring its products to market at the earliest possible date allowed under applicable statutory and FDA regulatory provisions.

41.    Sun believes that the claims of the '620, '559 and '447 patents are not infringed, are invalid and/or are unenforceable.  Absent a declaration of non-infringement, invalidity and/or unenforceability, the listing of the '620, '559 or '447 patents in the Orange Book will effectively deny Sun an economic opportunity to enter the marketplace and leave Defendants open to suing Sun at any time before the expiration of the '620, '559 and '447 patents on November 2, 2026.[2] Accordingly, an actual controversy exists between Sun and Defendants as to whether the Sun ANDA infringes any valid and enforceable claim of the '620, '557 or '447 patents.

## COUNT I
## (DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '620 PATENT)

42.    Sun hereby incorporates by reference its allegations contained in paragraphs 1 through 41 of this Complaint as though fully set forth herein.

43.    This claim arises under the Patent Laws of the United States, 35 U.S.C. § 1 et seq., the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the Hatch-Waxman Act, 21 U.S.C. § 355(j)(5)(C).

44.    Defendants have listed the '620 patent in the Orange Book as covering their LYRICA® CR extended-release tablets.

45.    Sun has filed an ANDA with a paragraph IV certification stating the '620 patent is not infringed by Sun.

46.    Sun intends to sell pregabalin extended-release tablets, as described in the Sun ANDA, when it obtains final FDA approval.

---

[2] The '620, '559 and '447 patents also have a pediatric exclusivity expiration date of May 2, 2027.

47.   There is a real, actual and continuing justiciable case and controversy between Sun and Defendants regarding the infringement of the '620 patent.

48.   The '620 patent will not be infringed by the manufacture, use or sale of generic pregabalin extended-release tablets for which Sun has submitted the Sun ANDA.

49.   Accordingly, Sun seeks and is entitled to a judicial declaration that the manufacture, sale or use of Sun's pregabalin extended-release tablets, the subject of the Sun ANDA, will not infringe, directly or indirectly, any valid claim of the '620 patent.

## COUNT II
### (DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '559 PATENT)

50.   Sun hereby incorporates by reference its allegations contained in paragraphs 1 through 49 of this Complaint as though fully set forth herein.

51.   This claim arises under the Patent Laws of the United States, 35 U.S.C. § 1 et seq., the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the Hatch-Waxman Act, 21 U.S.C. § 355(j)(5)(C).

52.   Defendants have listed the '559 patent in the Orange Book as covering their LYRICA® CR extended-release tablets.

53.   Sun has filed an ANDA with a paragraph IV certification stating the '559 patent is not infringed by Sun.

54.   Sun intends to sell pregabalin extended-release tablets, as described in the Sun ANDA, when it obtains final FDA approval.

55.   There is a real, actual and continuing justiciable case and controversy between Sun and Defendants regarding the infringement of the '559 patent.

56.   The '559 patent will not be infringed by the manufacture, use or sale of generic pregabalin extended-tablets for which Sun has submitted the Sun ANDA.

57.    Accordingly, Sun seeks and is entitled to a judicial declaration that the manufacture, sale or use of Sun's pregabalin extended-release tablets, the subject of the Sun ANDA, will not infringe, directly or indirectly, any valid claim of the '559 patent.

## COUNT III
### (DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '447 PATENT)

58.    Sun hereby incorporates by reference its allegations contained in paragraphs 1 through 57 of this Complaint as though fully set forth herein.

59.    This claim arises under the Patent Laws of the United States, 35 U.S.C. § 1 et seq., the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the Hatch-Waxman Act, 21 U.S.C. § 355(j)(5)(C).

60.    Defendants have listed the '447 patent in the Orange Book as covering their LYRICA® CR extended-release tablets.

61.    Sun has filed an ANDA with a paragraph IV certification stating the '447 patent is not infringed by Sun.

62.    Sun intends to sell pregabalin extended-release tablets, as described in the Sun ANDA, when it obtains final FDA approval.

63.    There is a real, actual and continuing justiciable case and controversy between Sun and Defendants regarding the infringement of the '447 patent.

64.    The '447 patent will not be infringed by the manufacture, use or sale of generic pregabalin extended-release tablets for which Sun has submitted the Sun ANDA.

65.    Accordingly, Sun seeks and is entitled to a judicial declaration that the manufacture, sale or use of Sun's pregabalin extended-release tablets, the subject of the Sun ANDA, will not infringe, directly or indirectly, any valid claim of the '447 patent.

11

## PRAYER FOR RELIEF

WHEREFORE, Sun prays for a judgment as follows:

A.      Judgment against Defendants declaring that the '620 patent is not infringed by the filing of the Sun ANDA;

B.      Declaring the manufacture, marketing, use or offer for sale, sale and/or importation of the products that are the subject of the Sun ANDA have not infringed, do not infringe and would not, if marketed, infringe or induce or contribute to the infringement of any valid claim of the '620 patent;

C.      Judgment against Defendants declaring that the '559 patent is not infringed by the filing of the Sun ANDA;

D.      Declaring the manufacture, marketing, use or offer for sale, sale and/or importation of the products that are the subject of the Sun ANDA have not infringed, do not infringe and would not, if marketed, infringe or induce or contribute to the infringement of any valid claim of the '559 patent;

E.      Judgment against Defendants declaring that the '447 patent is not infringed by the filing of the Sun ANDA;

F.      Declaring the manufacture, marketing, use or offer for sale, sale and/or importation of the products that are the subject of the Sun ANDA have not infringed, do not infringe and would not, if marketed, infringe or induce or contribute to the infringement of any valid claim of the '447 patent;

G.      Awarding Sun its costs, expenses and reasonable attorneys' fees pursuant to 35 U.S.C. § 285; and

H.      Awarding Sun such other and further relief as the Court deems just and

12

reasonable.


Dated:  April 5, 2019


                                Respectfully Submitted:

                                By:  s/ Gregory D. Miller
                                Gregory D. Miller
                                Gene Y. Kang
                                **RIVKIN RADLER LLP**
                                21 Main Street, Suite 158
                                Court Plaza South – West Wing
                                Hackensack, NJ 07601
                                Telephone:  201-287-2460
                                Facsimile:  201-489-0495


                                Stephen P. Benson (to be admitted *pro hac vice*)
                                Kimberly A. Beis (to be admitted *pro hac vice*)
                                **KATTEN MUCHIN ROSENMAN LLP**
                                525 West Monroe Street
                                Chicago, IL 60661-3693
                                Telephone:  321-902-5200
                                Facsimile:  312-902-1061

                                *Attorneys for Plaintiff*
                                *Sun Pharmaceutical Industries Limited*

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

Pursuant to Local Civil Rule 11.2, I hereby certify that, to the best of my knowledge, the matter in controversy is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding. *Sun Pharmaceutical Industries Limited, v. Pfizer, Inc., et al.,* Civil Action No. 2:19-cv-09330 (D.N.J. 2019), involves a claim for patent infringement with respect to the same LYRICA® CR extended-release tablets, but it involves a different matter in controversy, including that the allegations regard different patents.

Dated:  April 5, 2019

Respectfully Submitted:

By:  s/ Gregory D. Miller
Gregory D. Miller
Gene Y. Kang
**RIVKIN RADLER LLP**
21 Main Street, Suite 158
Court Plaza South – West Wing
Hackensack, NJ 07601
Telephone:  201-287-2460
Facsimile:  201-489-0495

Stephen P. Benson (to be admitted *pro hac vice*)
Kimberly A. Beis (to be admitted *pro hac vice*)
**KATTEN MUCHIN ROSENMAN LLP**
525 West Monroe Street
Chicago, IL 60661-3693
Telephone:  321-902-5200
Facsimile:  312-902-1061

*Attorneys for Plaintiff*
*Sun Pharmaceutical Industries Limited*

14

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 40.1

Pursuant to Local Civil Rule 40.1, I hereby certify that this action is not related to any other case pending in this Court. *Sun Pharmaceutical Industries Limited, v. Pfizer, Inc., et al.,* Civil Action No. 2:19-cv-09330 (D.N.J. 2019) involves the same LYRICA® CR extended-release tablets that are the subject of this action, but it does not relate to the same property, grow out of the same transaction, or involve the same patents as this action.

Dated:  April 5, 2019

Respectfully Submitted:

By:  s/ Gregory D. Miller
Gregory D. Miller
Gene Y. Kang
**RIVKIN RADLER LLP**
21 Main Street, Suite 158
Court Plaza South – West Wing
Hackensack, NJ 07601
Telephone:  201-287-2460
Facsimile:  201-489-0495

Stephen P. Benson (to be admitted *pro hac vice*)
Kimberly A. Beis (to be admitted *pro hac vice*)
**KATTEN MUCHIN ROSENMAN LLP**
525 West Monroe Street
Chicago, IL 60661-3693
Telephone:  321-902-5200
Facsimile:  312-902-1061

*Attorneys for Plaintiff*
*Sun Pharmaceutical Industries Limited*

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 201.1

I hereby certify that the above-captioned matter is not subject to compulsory arbitration in that Sun seeks, *inter alia*, declaratory relief.

Dated:  April 5, 2019

Respectfully Submitted:

By:  s/ Gregory D. Miller
Gregory D. Miller
Gene Y. Kang
**RIVKIN RADLER LLP**
21 Main Street, Suite 158
Court Plaza South – West Wing
Hackensack, NJ 07601
Telephone:  201-287-2460
Facsimile:  201-489-0495

Stephen P. Benson (to be admitted *pro hac vice*)
Kimberly A. Beis (to be admitted *pro hac vice*)
**KATTEN MUCHIN ROSENMAN LLP**
525 West Monroe Street
Chicago, IL 60661-3693
Telephone:  321-902-5200
Facsimile:  312-902-1061

*Attorneys for Plaintiff*
*Sun Pharmaceutical Industries Limited*